IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL HATCHER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NANCY GIROUX, et al. | : | NO. 14-3943 |

ORDER

AND NOW, this 17th day of September, 2014, upon consideration of petitioner Hatcher's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), our July 23, 2014 Order referring this matter to the Honorable Lynne A. Sitarski for a report and recommendation (docket entry # 3) pursuant to Local Rule 72.1 and 28 U.S.C. §636(b)(1)(B), Judge Sitarski's August 27, 2014 report and recommendation ("R&R") (docket entry # 4) to which petitioner filed a memorandum in support of the writ of habeas corpus and objections, and the Court finding that:

(a) On September 9, 2011, after a jury trial in the Philadelphia Court of Common Pleas, petitioner Hatcher was sentenced to a term of thirty to sixty years' incarceration for attempted murder, aggravated assault and firearm possession in connection with an April 2, 2010 attack, R&R at 1;

(b) The present pro se petition arises from Hatcher's post-conviction efforts after the Pennsylvania Superior Court affirmed Hatcher's judgment of sentence on June 5, 2013, id. at 2;

(c) On March 17, 2014, Hatcher filed a pro se Post-Conviction Relief Act ("PCRA") petition, and on March 25, 2014 he moved for removal of counsel; his counsel petitioned to withdraw six days later, id., and, as Judge Sitarski noted, the Superior Court did not

rule on any of these motions;

> (d)     On April 21, 2014, Hatcher's counsel filed a "Supplemental PCRA Amended PCRA petition" and Hatcher himself filed a "writ of <u>habeas</u> <u>corpus</u> <u>ad</u> <u>subjiciendum</u>," both of which are currently pending before the Court of Common Pleas, <u>id.</u>;

> (e)     On June 23, 2014, Hatcher filed the instant petition for writ of <u>habeas</u> <u>corpus</u>, setting forth two grounds for relief:  "Violation(s) of Art. 3 § 2 in the 6th Amend. U.S. Const. Right to proceed pro'se [sic] to preserve issues" and "Art. 3 § 2 Governmental interference in Due Process violations," <u>id.</u>; <u>see</u> <u>also</u> Pet. at 5, 7;

> (f)     Judge Sitarski construed Hatcher's claims to allege that his post-conviction counsel failed to file a timely PCRA petition; filed an unauthorized amended petition; and that the state court's refusal to permit him to proceed <u>pro</u> <u>se</u> denied him the right to a writ of <u>habeas</u> <u>corpus</u> <u>ad</u> <u>sebjiciendum</u>, R&R at 4-5;

> (g)     She dismissed Hatcher's <u>pro</u> <u>se</u> Section 2254 petition because it was apparent on the face of the petition that he had failed to exhaust his available remedies in state court, <u>id.</u> (citing <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996) ("Of course, a district court is authorized to dismiss a petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]") (internal citation and quotation marks omitted); <u>see</u> <u>also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848 (1999) ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has <u>properly</u> exhausted those remedies, <u>i.e.</u>, whether he has fairly presented his claims to the state court.")(emphasis in original);

> (h)     Hatcher contests Judge Sitarski's conclusions in his self-styled

memorandum in support of the writ of <u>habeas</u> <u>corpus</u> and his objections to her report, <u>see</u> docket

entries ## 5 and 6;

      (i)      Pursuant to 28 U.S.C. § 636, we must "make a <u>de</u> <u>novo</u> determination of

those portions of the report or specified proposed findings or recommendations to which"

petitioner objects;

      (j)      Hatcher contends in his memorandum that he seeks relief here because of

the "obstacles of silence" in the Commonwealth court that has his motions before it, Mem. at 1;

      (k)      He also argues that his counsel misrepresented to him that he had filed a

PCRA petition and sent him trial transcripts when, Hatcher alleges, counsel had done neither and

also claims there were irregularities at trial (e.g., misrepresentation of evidence; prosecutorial

misconduct; and the failure of the Commonwealth to prove every element of the charge beyond a

reasonable doubt) which he still seeks to contest, <u>id.</u> at 2-4;

      (l)      We construe Hatcher's objections to revisit these claims and argue that he

should be excused from the exhaustion requirement, while seeking an order from this Court to

"impos[e] the lower State Court to respond so-that [<u>sic</u>] exhaustion warrants sufficient and

appropriate requirement within Constitutional due process guarantee's [<u>sic</u>]," Obj. at 2, 3;

      (m)      For the reasons set forth below, we concur with Judge Sitarki's conclusion

that Hatcher has "wholly failed to exhaust his current claims in state court," R&R at 4, and adopt

and approve her recommendation that Hatcher's petition be dismissed without prejudice because

he filed it before the state court ruled on his PCRA petition, his writ of <u>habeas</u> <u>corpus</u> <u>ad</u>

<u>sebjiciendum</u>, or any of his other filings, <u>id.</u> at 5;

      (n)      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

provides in relevant part that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant[,]

28 U.S.C. §2254(b)(1);

(o)     Our Court of Appeals has repeatedly held that exhaustion is not a jurisdictional requirement, see, e.g., Coady v. Vaughn, 251 F.3d 480, 488 (3d. Cir. 2001), but rather rests on the well-established "interests of comity and federalism [that] dictate that state courts must have the first opportunity to decide a petitioner's claims," Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982));

(p)     The habeas petitioner has the burden of proving exhaustion of all available state remedies, see Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir 1993);

(q)     As our Court of Appeals held in Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002),  "In order for a claim to be exhausted, it must be fairly presented to the state courts by invoking one complete round of the State's established appellate review process," (internal citation omitted), and it is clear from the fact that Hatcher still has motions pending before both the Court of Common Pleas and the Superior Court that he has, as yet, not invoked one complete round of the Commonwealth's established appellate review process;

(r)     And although his petition suggests the absence of state corrective process, his pending state-court motions belie that contention;

(s)      Further, Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition . . . is issued, the district court judge will make a determination as to whether a certificate of appealability should issue";

(t)      Such a certificate should issue only if the petitioner demonstrates that "reasonable jurists could debate" whether the petition states a valid claim for the denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

(u)     We do not believe that reasonable jurists could debate the conclusion that Hatcher has as yet failed to exhaust his state-court remedies and therefore his Section 2254 petition does not state a valid claim for the denial of a constitutional right, as a result of which we decline to issue a certificate of appealability;

It is hereby ORDERED that:

1.      Judge Sitarski's report and recommendation is APPROVED and ADOPTED;

2.      Hatcher's petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE and DISMISSED as premature;

3.      For the reasons stated above, we DECLINE to issue a certificate of appealability; and

4.      The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.

5